Duwelius v. Champion Fib. Co.——————— 18772
Graham et v. Rock———————————————— 18773
Hisser v. Guran——————————————————— 18771

#### September 3

18771—M. H. Hisser v. M. B. Guran; motion to direct Summit Appeals to certify record. Musser Kimber & Hoffman, Akron, for plaintiff; Whittemore & Motz, Akron, for defendant.

18772—A. L. Duwelius v. Champion Fibre Co.; motion to direct Hamilton Appeals to certify record. H. J. Appling, Cincinnati, for plaintiff; Waite, Schindel & Baylers, Cincinnati, for defendant.

#### September 5

18773—Flora Graham et al v. W. W. Rock; motion to direct Campaign Appeals to certify record. Deaton, Bodey & Bodey, Urbana, for plaintiffs; Owen, Miller, Owen & Owen, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

### No. 546

### VALLEY CITY MORTG. & LOAN CO. v. NELSON

#### No. 18525. Ohio Supreme Court

No. 18526—Same plaintiff v. Ringelspaugh, an identical case; same decision.

Pending on motion to order Trumbull Appeals to certify record; docketed April 18, 1924; 2 Abs. 290. Motion to certify overruled in both cases; 2 Abs. 454.

997. DEEDS—Does failure of recorder to enter a conveyance in proper record, affect the title conveyed thereby?

For Court of Appeals decision, see this paper, page 554, where facts in this case are fully reported.

The question in this case involved a construction of the recording acts of the state, and the contention of the defendant, as set forth in his brief, is that standing timber, before being severed, is a part of the land and an interest in the real estate. That the owners of the land sold the standing timber, by a proper conveyance, and the purchaser took it to the proper recorder's office, and properly filed it for record. That the recorder recorded it in the records of chattel mortgages, instead of the records of deeds.

That afterward the plaintiffs in error loaned money to the owners of the land, and took mortgages thereon, which they duly filed for record. They had no actual notice of the sale of the timber or conveyance of it.

The Court of Appeals held that the filing of the conveyance was a sufficient notice to the mortgagees. It is argued in the brief that mortgages take effect from the time of their filing, and that 8543 GC. seems to place deeds and mortgages upon the same footing. That the filing of the timber conveyance was equivalent to its record, and that the delay or neglect of the recorder in performing his ministerial duty did not affect the title to the timber buyer acquired by it.

Attorneys—Gilmer, Gilmer, Stephens & Patchins, Warren, for Plaintiffs in Error; Hyde & Hyde, Warren, for Nelson.

### No. 547

### HALLOWELL v. ACME LUMBER CO.

#### No. 18521. Ohio Supreme Court

Pending on motion of Hallowell to order Hamilton Appeals to certify record; docketed April 30, 1924. 2 Abs. 290. Mo. cer. ov., 2 Abs. 454.

677. JUDGMENT—Burden of proof party assumes who seeks to attack judgment of a court of another state.

This case in the Appeals Court containing a fuller narative of it, will be found in this Abstract of this week, page 555.

Inasmuch as the Court of Appeals in passing upon the case carefully reviewed the case, and the motion of Hallowell to certify is almost identical with that filed by him in this Court of Appeals, we submit the statement by referring the reader to that case, cited above.

The Lumber Co., in its brief, sets up that in addition to questioning the correctness of the decision of the Court of Appeals, it notes that Hallowell contends that a constitutional question is involved, which it denies.

Attorneys—Same as in Court of Appeals decision, ante.